IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NANCY CARROLL, | § | |
| | § | |
| VS. | § | CIVIL NO.4:16-CV-619-Y(BJ) |
| | § | |
| PTS OF AMERICA, LLC, | § | |
| dba Prisoner Transportation | § | |
| of America, LLC. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

In this case, Plaintiff has filed a civil case with a motion for leave to proceed *in forma pauperis*. Resolution of the motion was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Miscellaneous Order No. 6.[1] The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This case is a new civil action.

B. PARTIES

Nancy Carroll is the plaintiff. The defendant is PTS of America, LLC, doing business as Prisoner Transportation of America, LLC.

C. LEGAL ANALYSIS

In response to a deficiency order, Plaintiff has now filed a completed long-form motion to proceed in forma pauperis under 28 U.S.C. § 1915 *et. seq*. That motion/application includes the income and asset information for both the plaintiff and her spouse. In

---

[1] Order for the Adoption of Rules for the Exercise of Powers and Performances of duties by United States Magistrate Judges, signed May 5, 2005.

making the in-forma-pauperis determination, the Court may consider the total monetary resources available to assist Plaintiff, and "it is appropriate to consider a spouse's income."[2] A review of the financial information submitted in the long-form application/motion reflects that plaintiff Carroll's spouse receives $2,500 a month in income. The application/motion also shows that plaintiff Carroll presently receives unemployment in the amount of $1,800 per month. Courts also consistently consider unemployment compensation in making the in-forma-pauperis determination.[3] Carroll lists having three dependants. The applicable poverty guidelines for a family of five is $28,410. With the combined income from her spouse and unemployment compensation, Plaintiff's available monthly financial support is $51,600, almost 50% more than the poverty level. The information in this application thus shows that Plaintiff has

---

[2] *Muhammad v. Louisiana Attorney Disciplinary Board, et al.*, No. 09-3431, 2009 WL 3150041, at *1 (E.D. La. Sep. 25, 2009); see e.g., *Montiel v. Wyndham Anatole Hotel*, No.3:03-CV-1813-L, 2003 WL 22595820, at *1 (N.D. Tex. Nov. 6, 2003)(denying request to proceed in forma pauperis where plaintiff and spouse had combined monthly income of $3360 and &700 in a bank account); *Mann v. Frank*, No. 90-1122-CV-W-5, 1992 WL 219800, at *3-4 (W.D.Mo. Sept. 2, 1992)(considering plaintiff and her husband's equity in real property, their ownership of automobiles, and combined family income of $70,000 per year in rejecting in forma pauperis petition); *Monti v. McKeon*, 600 F.Supp. 112, 114 (D. Conn. 1984)(request to proceed on appeal in forma pauperis denied where plaintiff was supported by her spouse and spouse was able to pay costs); *Auffant v. Paine, Webber, Jackson & Curtis, Inc.*, 538 F.Supp. 120, 1202 (D.P.R. 1982)(court should consider overall financial situation of applicant as well as assets and liabilities of spouse); *Williams v. Spencer*, 455 F.Supp. 205, 209 (D. Md. 1978)("The question under 28 U.S.C. § 1915 is whether the litigant is unable to pay the costs, and the answer has consistently depended in part on a litigant's actual ability to get funds from a spouse . . .").

[3] See, e.g., *Cornish v. Texas Dept. of Protective and Regulatory Services, et al.*, No. 3:04-CV-969-K, 2004 WL 1305809, at *1 (N.D. Tex. June 10, 2004), rep. and rec. adopted, 2004 WL 1819018 (Aug. 12, 2004); *Grant v. Shiflett*, No.3:03-CV-1959-R, 2003 WL 22466210, at *1 (N.D. Tex. Oct. 23, 2004), rep. and rec. adopted, (November 12, 2004); *Ponder v. Schultz*, No.3:02-CV-1353-P, 2002 WL 3114054, at *2 (N.D. Tex. Sep. 20, 2002); *Lewis v. Center Market, et al.*, 378 Fed. Appx. 780, 784-85 (10th Cir. May 17, 2010)(affirming district court's denial of IFP status to appellant whose only income sources were social security and unemployment benefits).

sufficient resources available to pay the applicable fees. Thus, after review and consideration of the application/motion to proceed in forma pauperis, the undersigned finds the motion to proceed IFP should be denied, and will make such a recommendation.

### RECOMMENDATION

It is therefore RECOMMENDED that Plaintiff's July 13, 2016 motion to proceed in forma pauperis [docket no. 6] be DENIED by the district judge.

It is further RECOMMENDED that the district judge inform Plaintiff that the complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b), unless Plaintiff pays to the clerk of Court the filing and administrative fees of $400.00[4] within seven (7) days after the district judge's order.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of

---

[4] In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. See 28 U.S.C. § 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is ORDERED that Plaintiff is granted until August 4, 2016 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and is hereby, RETURNED to the docket of the United States District Judge.

SIGNED July 21st, 2016.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE